UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

STEVE VAN HORNE,

    Plaintiff,

v.

HARRIETT L. HAAG, et al.,

    Defendants.

No. 1:23-CV-240-H-BU

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (FCR) that the Court revoke the plaintiff's IFP status and dismiss his case under 28 U.S.C. § 1915(e)(2)(A) due to untrue and bad faith allegations of poverty or, alternatively, under Section 1915(e)(2)(B) because the action is frivolous. Dkt. No. 14. No objections were filed.

Where no specific objections are filed within the 14-day period, the Court reviews the Magistrate Judge's findings, conclusions, and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020). The District Court has reviewed the FCR for plain error. Finding none, the Court accepts and adopts the FCR. The plaintiff's IFP status is revoked because he has made numerous untrue allegations as to his financial status. *See generally* Dkt. No. 14. Moreover, his claims against the defendants are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) because his allegations, omissions, and evasive answers constitute bad faith, manipulative tactics aimed at permitting him to file numerous frivolous lawsuits on the public's dime, in clear contravention of the purpose of the congressional authorization for permitting individuals to proceed IFP.

The Court further cautions the plaintiff that the Court has "an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants." *Ruston v. Dallas County*, No. 3:07-CV-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (Fitzwater, J.). In light of this obligation, the Court has the power to sanction pro se litigants who abuse the judicial process with baseless claims. *E.g.*, Fed. R. Civ. P. 11(b), (c); *Greene v. U.S. Postal Serv.*, No. 3:20-CV-1172-E-BK, 2020 WL 3455130, at *1–2 (N.D. Tex. May 26, 2020), *report and recommendation adopted by* 2020 WL 3452279 (June 24, 2020). The Court therefore warns the plaintiff that continuing to file these lawsuits despite being told repeatedly by the Court that his claims are frivolous[1] may result in sanctions, including monetary fines or prohibitions on proceeding IFP or filing cases in this District without first obtaining leave from a United States District Judge. *See, e.g., Mendoza v. Lynaugh*, 989 F.2d 191, 195–96 (5th Cir. 1993); *Greene*, 2020 WL 3455130, at *1–2.

Finally, the Court prospectively certifies that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). The Court makes this finding in light of the uncontested findings in the FCR that the plaintiff has acted in bad faith in his representations to the Court about his assets and further that his challenges to Texas state law requiring driver's licenses are frivolous. In the event of an appeal, the plaintiff may challenge this certification by filing a separate motion to proceed IFP on appeal with the Clerk of Court for the Fifth Circuit.[2]

---

[1] *See* Dkt. No. 8 at 67–70; *Van Horne v. Valencia*, No. 1:21-CV-173-H-BU (N.D. Tex. filed Sept. 20, 2021).

[2] The Court also notes that none of its ruling is meant to cast aspersions on the plaintiff's religious faith or to question the sincerity of his beliefs. Rather, the Court addresses his conduct and representations in this proceeding and his similar litigation in this District.

So ordered on May __6__, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE